IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY B. C. JR., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:17-cv-2927-BN | |
| § | | |
| NANCY A. BERRYHILL, § | | |
| Acting Commissioner of Social Security, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Billy B. C., Jr. seeks judicial review of a final adverse decision of the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is affirmed.

**Background**

Plaintiff alleges that he is disabled as a result of lower back pain, lumbar and cervical degenerative disc disease, cervical radiculopathy, osteoarthritis/degenerative joint disease of the knees, history of right knee surgery (open high tibial osteotomy) brachial neuritis, and right ulnar neuropathy. *See* Administrative Record [Dkt. No.11] ("Tr.") at 12. After his application for disability and disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *See id.* at 11. That hearing was held on June 17, 2016. *See id.* At the time of the hearing, Plaintiff was 49 years old. *See id.* at 20. He is a high school graduate. *Id.* Plaintiff has not engaged in substantial gainful activity since August 29, 2013. *Id.* at 13.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* at 22. Although the medical evidence established that Plaintiff suffered from lower back pain, lumbar and cervical degenerative disc disease, cervical radiculopathy, osteoarthritis/degenerative joint disease of the knees, history of right knee surgery (open high tibial osteotomy) brachial neuritis, and right ulnar neuropathy, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 13. The ALJ further determined that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) but could only stand and walk for four hours out of an eight hour day; required the use of a cane for ambulation; could not perform any foot controls; could not climb (including ladders, ropes, scaffolds, ramps, or stairs); could occasionally stoop, kneel, and balance; could not crouch or crawl; was limited to frequent reaching bilaterally, except occasional work above the shoulder level; and could only frequently handle objects with the dominant right upper extremity. *See id.* at 16.

The ALJ determined that the Plaintiff was unable to perform any past relevant work. *See id.* at 20. Relying on the vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a Machine Tender (DOT 754.685-014), a Bench Assembler (DOT 706.684-042), or a Bakery Line Conveyer Worker (DOT 524.687-022). In the event that the Plaintiff was limited to the sedentary exertional level, the ALJ found that the Plaintiff was capable of being a Document Preparer (DOT 249.587-081), an Order Clerk (209.567-014), or a Telephone Quotation Clerk (DOT 237.367-046). *See*

*id.* at 21. All of these jobs exist in significant numbers in the national economy. Given his age, education, and exertional capacity for light work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id.* at 22.

Plaintiff appealed that decision to the Appeals Council, which affirmed the ALJ's ruling. *See id.* at 8.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on the general grounds that the ALJ erred by improperly rejecting the opinion of Plaintiff's treating physician, Dr. Zhukovskiy. *See* Dkt. No. 11 at 3.

The Court determines that the hearing decision is affirmed.

## **Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See*

3

*Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant

4

from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to

fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff contends that the ALJ erred by improperly rejecting the opinion of Plaintiff's treating physician, Dr. Zhukovskiy. *See* Dkt. No. 16 at 4.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan*, 38 F.3d at 237. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Martinez*, 64 F.3d at 175-76 (citing 20 C.F.R. § 404.1527(c)(2)). And "[t]he opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

6

But "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown. *Id.* at 455. An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

20 C.F.R. § 404.1527(c)(2) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines that the opinion is not entitled to 'controlling weight.'" *Id.* at 455-456 (internal quotations omitted). Specifically, the ALJ must consider:

>   (1) the physician's length of treatment of the claimant;
>   (2) the physician's frequency of examination;
>   (3) the nature and extent of the treatment relationship;
>   (4) the support of the physician's opinion afforded by the medical evidence of record;
>   (5) the consistency of the opinion with the record as a whole; and
>   (6) the specialization of the treating physician.

*Id.* at 455; 20 C.F.R. § 404.1527(c)(2). But, in decisions construing *Newton v. Apfel*, the United States Court of Appeals for the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

7

In reviewing Dr. Zhukovskiy's July 2013 opinion, the ALJ noted that the opinion asserted that "claimant was under [Dr. Zhukovskiy's] care for severe cervical degenerative joint disease with radiculopathy and lumbar spine disease; [that Plaintiff had] multiple surgeries on the right knee, which is currently non-functional; is right handed but unable to use the right extremity because of chronic ulnar neuropathy; and takes pain medications causing drowsiness and mood swings." Tr. at 19. Morever, Dr. Zhukovskiy asserted that Plaintiff was "disable[d] and unemployable." *Id.* at 359.

As to Dr. Zhukovskiy's July 2016 assessment, the ALJ stated that:

> [Dr. Zhukovskiy] opined that the claimant could occasionally lift less than 10 pounds; stand less than two hours in an eight hour day; must periodically alternate between sitting and standing to relieve pain or discomfort; has limitations with pushing and pulling; can frequently perform postural activities; can frequently reach; does not have limitations with handling or fingering; and does not have seeing, hearing, or speaking limitations.

*Id.*

Here, the ALJ permissibly discounted Dr. Zhukovskiy's conclusory statement in the 2013 letter that Plaintiff was "disable[d] and unemployable." *Id.* at 359. Statements that a claimant is unable to work are legal conclusions, not medical opinions, and are not entitled to any special significance and may be discounted without the ALJ engaging in a Section 404.1527 (c)(2) analysis. *See* 20 C.F.R. § 416.927(d); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). The Fifth Circuit in *Miller v. Barnhart* held that it has distinguished

> between the weight given to a treating physician's medical opinion on the nature and severity of an impairment and his opinion on whether the

8

patient is disabled and cannot work. We do not require that an ALJ justify a decision to give little weight to a physician's opinion that a patient is disabled or unable to work, because such decisions are reserved for the Commissioner. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir.2003). An ALJ need not give special weight to treating physicians' opinions if they have no special significance. "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' 20 C.F.R. § 404.1527(e)(1). These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Id*.

211 F. App'x 303, 305 (5th Cir. 2006).

Here, too, the ALJ also had good cause to assign lesser weight to Dr. Zhukovskiy's opinion because his 2016 assessment was inconsistent with his own 2013 letter. The ALJ noted that, "in one report, [Dr. Zhukovskiy] indicates that the claimant is unable to use his right upper extremity, yet in the other report, he indicates that there are no handling or fingering limitations." Tr. at 19. Further, "at several appointments, [Dr. Zhukovskiy's noted that] the claimant had a normal gait ... [but in] November 2014, imaging of the knees showed only mild to moderate degenerative joint disease." *Id*.

The ALJ was also not required to perform a full-factor analysis when rejecting Dr. Zhukovskiy's in the presence of competing medical evidence. *Qualls*, 339 F. App'x 461 at 466-67. The ALJ noted that Dr. Battles' opinion determined that

> claimant's back limits uninterrupted sitting to an intermediate period of time; back pain and knee pain limit standing to short periods and walking short distances; symptoms limit lifting to light to medium weighted objects; and the claimant would have difficulty performing repetitive tasks and handling certain objects for longer periods of time.

Tr. at 19. While Plaintiff contends that Dr. Battles' opinion is consistent with Dr. Zhukovskiy's – which would trigger a need for the ALJ to perform the *Newton* factors – the ALJ noted that, unlike Dr. Zhukovskiy's determination, according to Dr. Battles' opinion, "the residual functional capacity has been limited to the light exertional level." *Id*. And this was not an instance in which Dr. Battle's competing medical opinion failed to explain how Plaintiff's medical conditions affected his work-related limitations. *Compare Osborn v. Berryhill*, No. 3:16-cv-44-B-BN, 2017 WL 2312910, at *4 (N.D. Tex. May 11, 2017).

Accordingly, since "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown, the ALJ was entitled to reject Dr. Zhukovskiy's statements regarding Plaintiff being "disable[d] and unemployable" and, based on substantial evidence in the record, had good cause to discount her findings on Dr. Zhukovskiy's opinion. *See Newton*, 209 F.3d 448 at 455. Moreover, Dr. Battles' opinion presents a competing medical opinion that precludes the need for a *Newton* analysis.

## Conclusion

For the reasons explained above, the hearing decision is affirmed.

SO ORDERED.

DATED: February 12, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

10